UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
SHARON SANTOSKY

                Plaintiff,

vs.

COMMERCIAL RECOVERY SYSTEMS, INC.,
FOURSCORE RESOURCE CAPITAL, LLC, &
PINNACLE CREDIT SERVICES, LLC

                Defendants.
-----------------------------------------------------------------

Civil Action No

**COMPLAINT**

**13 CV 1910**

**DEMAND FOR JURY TRIAL**



Plaintiff SHARON SANTOSKY ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendants COMMERCIAL RECOVERY SYSTEMS, INC., FOURSCORE RESOURCE CAPITAL, LLC, & PINNACLE CREDIT SERVICES, LLC (collectively herein, "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1.      Plaintiff brings this action individually for monetary damages arising from the Defendants violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.      Plaintiff is a resident of the State of New York, residing in Fishkill, NY.

3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Commercial Recovery Systems, Inc. ("CRS") is a foreign corporation with its principal place of business located at 8035 E. R.L. Thornton Freeway., Suite 220, Dallas, Texas 75228.

5. Defendant Fourscore Resource Capital, LLC ("Fourscore") is a foreign corporation with its principal place of business located at 7900 Hwy 7, St Louis Park, MN 55426.

6. Defendant Pinnacle Credit Services, LLC ("Pinnacle") is a foreign corporation engaged in the business of consumer debt collection with its principal place of business located at 7900 Hwy 7, St Louis Park, MN 55426.

7. Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

9. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Sometime prior to March 7, 2011, Plaintiff incurred a debt ("the alleged debt") to Bank of America ("BOA").

13. Sometime prior to March 7, 2011, Plaintiff defaulted on the alleged debt.

14. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

15. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. On or before March 7, 2011, BOA, either directly or through intermediate transactions, sold the alleged debt to Pinnacle.

17. Pinnacle directly or through its agents, collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone, Internet, and other third party debt collection agencies.

18. Pinnacle is a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. On or about March 7, 2011, Pinnacle, either directly or through intermediate transactions assigned, placed, or transferred the alleged debt to Malcolm S. Gerald and Associates, Inc. for the purposes of collection.

20. Malcolm S. Gerald and Associates, Inc. directly or through its agents, collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone, Internet, and other third party debt collection agencies.

21. Malcolm S. Gerald and Associates, Inc. is a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. In or about April 2012, Pinnacle, either directly or through intermediate transactions assigned, placed, or transferred the alleged debt to CRS for the purposes of collection.

23. On or about April 16, 2012, Defendant CRS mailed to Plaintiff a "dunning" letter dated April 16, 2012 demanding payment of the alleged debt ("April 16 letter").

24. The April 16 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The April 16 letter was the first written communication Plaintiff received from CRS.

26. The April 16 letter is a computer-generated form letter and sent to consumers from whom it is attempting to collect a debt.

27. The April 16 letter stated in relevant part: "Re: Bank Of America, N.A.", "Account #: 3461180", and "Balance Owing: $33553.66".

28. The April 16 letter failed to identity the name of the current creditor.

29. The April 16 letter failed to identify the name of the creditor to whom the debt is owed.

30. The April 16 letter is a false representation of the character, amount, or legal status of any debt.

31. The April 16 letter misrepresents that the alleged debt is due and owing to BOA when in fact that is false.

32. The April 16 letter misrepresents that the alleged debt is owed by and due and owing to BOA when in fact the alleged debt has been sold to Pinnacle and/or other third parties.

33. The April 16 fails to identify the original account number of the alleged debt.

34. Defendant's failure to identify the original account number of the alleged debt leaves Plaintiff and other similarly situated consumers unable to determine what account Defendant is attempting to collect and unable to conduct an independent investigation of said account.

35. The April 16 letter further stated in relevant part: "I suggest that you consult with your attorney about what the laws in your state will allow our client to do to recover the monies owed to it and the further consequences of non-payment."

36. Said statement by Defendant misrepresents the urgency with which the alleged debt must be resolved.

37. Said statement by Defendant implies that the alleged debt has gone "legal" and that legal action will soon commence.

38. Said statement by Defendant misrepresents BOA as Defendant's "client" when in fact that is false.

39. On or about April 18, 2012, Defendant CRS mailed to Plaintiff a "dunning" letter dated April 18, 2012 demanding payment of the alleged debt ("April 18 letter").

40. The April 18 letter stated in relevant part: "Re: Fourscore Capital/Bank Of America".

41. The April 18 letter further stated, "As an authorized representative of Fourscore Capital/Bank of America, Commercial Recovery Systems, Inc. will accept $3,400.00 as full and final settlement of the above referenced account..."

42. The April 18 letter was signed by Marc Clark - Collection Manager.

43. On information and belief, CRS is not an authorized representative of Bank of America.

44. On information and belief, Mark Clark is not an authorized representative of Bank of America.

45. The April 18 letter did not contain a statement informing Plaintiff of her right to dispute the alleged debt pursuant to 15 U.S.C.§1692g(a)(3).

46. The April 18 letter failed to identity the name of the current creditor.

47.    The April 18 letter failed to identify the name of the creditor to whom the debt is owed.

48.    The April 18 letter is a false representation of the character, amount, or legal status of any debt.

49.    The April 18 letter misrepresents that the alleged debt is due and owing to BOA when in fact that is false.

50.    The April 18 letter further stated, "cc: Bank of America."

51.    On information and belief, a copy of the April 18 letter was not sent to Bank of America.

52.    The April 18 letter failed to meaningfully disclose to Plaintiff and other similarly situated consumers Defendant's identity as a "debt collector" and that any information obtained with be used for that purpose.

53.    The April 18 letter failed to meaningfully disclose to Plaintiff and other similarly situated consumers Defendant's identity as the disclosure is in a font size that is noticeably smaller than the font size contained throughout the remainder/entirety of the letter. Further, the disclosure in placed such that the disclosure is hidden and/or easy to overlook/miss.

54.    In or about April 2012, Defendant placed telephone calls to and spoke with Plaintiff.

55.    Plaintiff spoke with Defendant's debt collector "Amy White" and her alleged supervisor "Nikki".

56.    Defendant misrepresented themselves as "Bank of America's legal department".

57.    Defendant demanded that Plaintiff pay the alleged debt immediately otherwise CRS would have a "civil judgment against you the next day".

58. Defendant and its agent "Amy White" screamed at Plaintiff and refused to listen to Plaintiff speak and then hung up on Plaintiff.

59. Plaintiff called Defendant back and spoke with "Amy White's" alleged supervisor "Nikki".

60. Defendant and its alleged supervisor "Nikki" falsely advised Plaintiff that it "would not be possible" to provide additional information on the alleged debt because "their offer" was a "good offer" and that if Plaintiff requests additional information that Plaintiff would "lose the settlement".

61. Defendant and its alleged supervisor "Nikki" lied and falsely advised Plaintiff that Plaintiff would receive validation of the alleged debt after paying and only after paying.

62. On or about June 15, 2012, Plaintiff resolved and settled the alleged debt with Defendant.

63. On or about June 15, 2012, Plaintiff no longer owed any money on the alleged debt.

64. Despite Defendant's and "Nikki's" assertions, Plaintiff did not receive validation of the alleged debt after paying.

65. On or about October 3, 2012, Plaintiff contacted Defendant regarding the validation of the alleged debt and the pay-off letter she was promised.

66. Defendant misrepresented that validation of debt and a pay-off letter are "the same thing".

67. At no time herein mentioned, did Plaintiff feel comfortable with nor did Plaintiff wish to pay the alleged debt without obtaining the additional information that she requested and was promised by Defendant.

68. Plaintiff relied on Defendant's and "Nikki's" assertions about receiving validation of the alleged debt after paying the debt by proceeding with payment of the alleged debt.

69. As a result of Defendant's lies and misrepresentations, Defendant was paid on the alleged debt and Plaintiff did not receive what she was promised.

70. Defendant's lies and misrepresentations were material; Said lies and misrepresentations induced Plaintiff to take action(s) and make payment that she may not have otherwise made but for Defendant's lies and misrepresentations.

71. Defendants misrepresented themselves as BOA.

72. Defendants made misrepresentations as to whether the alleged debt was owned by and owed to Pinnacle and/or Fourscore and/or BOA.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface.

   b. 15 U.S.C. §1692e-preface, (2)(A), (3), (5), (10) and (11).

   c. 15 U.S.C. §1692f-preface.

   d. 15 U.S.C. §1692g(a)(2).

   e. 15 U.S.C. §1692g(a)(3).

75. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "75" herein with the same force and effect as if the same were set forth at length herein.

77. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

78. As a result of Defendants' above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages, attorney's fees and costs in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SHARON SANTOSKY demands judgment from the Defendants COMMERCIAL RECOVERY SYSTEMS, INC., FOURSCORE RESOURCE CAPITAL, LLC, & PINNACLE CREDIT SERVICES, LLC as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k;

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. For damages, trebled, pursuant to New York General Business Law § 349;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff SHARON SANTOSKY and class members hereby respectfully request a trial by jury for all claims and issues in their Class Action Complaint to which they are or may be entitled to at a jury trial.

Dated:        March 18, 2013

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: _/s/ Allison Polesky_

Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
75 S. Broadway, 4th Fl.
White Plains, NY 10601
Phone:    914-610-3207
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff